IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>) No. 1:19-MJ-135<br>DREW IMPARATO,    )<br>)<br>Defendant.    )<br>_____ ) | |

**UNITED STATES' OPPOSITION
TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

Drew Imparato traveled from Virginia to Maryland for the purpose of having sex with a 13-year-old child[1] – an actual child who he met and with whom he did engage in oral and anal sex, and to whom he traveled to meet for sex a second time that was ultimately unsuccessful. He met this child online, as he met many others, and exchanged sexually explicit messages and child pornography with the child before and after meeting him in person. He acknowledged during his online chats with the child that he knew his actions in pursuing the child were illegal and wrong. He now challenges the Magistrate Judge's decision to detain him. Because he presents both a danger to the community and a risk of non-appearance, the Magistrate Judge's decision is correct and should not be set aside.

   **I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 21, the United States presented a criminal complaint and affidavit charging Imparato with violating United States Code, Title 18, Section 2423(b) (interstate travel with the intent to engage in illicit sexual conduct) to Magistrate Judge Michael Nachmanoff. The Magistrate found probable cause and issued an arrest warrant for Imparato.

---

[1] The child purported to be 13, but was, in fact, only 12 years old at the time of the sexual conduct.

Imparato was arrested on March 22, 2019, and had his initial appearance the same day, where he was accompanied by retained counsel.

On April 1, 2019, after a continuance at the defendant's request, a detention hearing was held before Magistrate Judge Theresa Buchanan.  At that hearing, the affidavit in support of the complaint was admitted and additional evidence was adduced that the defendant engaged in a number of online sexual conversations with minors, during which he repeatedly sent and received sexual pictures of himself and the minors.  These conversations continued at least up until the date of the seizure of the defendant's phone. The defendant came to the attention of law enforcement after losing, and then claiming, a thumb drive containing child pornography he had downloaded at his college.  Evidence was proffered and accepted that the defendant had a history of depression and thoughts of self-harm, including suicidal ideation in the period immediately before his arrest.  Evidence was also proffered and accepted that the defendant was under the care of a therapist for several years prior to the arrest, who wrote a letter detailing a plan for intensive, non-residential treatment, should the defendant be released on bond.

Like Magistrate Judge Nachmanoff, Magistrate Judge Buchanan found that probable cause existed that the charged offense had occurred.  She also determined, correctly, that a charge under 18 U.S.C. § 2423(b) carries a presumption that Imparato is a danger to the community and a risk of nonappearance, and must be detained, unless the defense overcomes the presumption.  18 U.S.C. § 3142(e)(3)(E).  Magistrate Judge Buchanan determined that the defendant posed both a danger to the community, as evidenced by his actual sexual conduct with the 12-year-old victim in the charged offense, as well as his numerous sexual chats with other minors, and that he posed a risk of non-appearance due to his depression and history of self-harming attempts.  Magistrate Judge Buchanan opined that the fact that the defendant committed

these offenses against minors while under the treatment of a therapist suggested that continued therapy would be insufficient to protect the community.

On April 11, 2019, the defendant, through counsel, filed a letter motion under 18 U.S.C. § 3145(b), asking the District Court to revoke the detention order and release the defendant pending trial. The motion summarily argues in paragraph two that "the defense has met its burden of showing that Mr. Imparato is neither a danger to society or a flight risk." Letter Motion [Dkt. 17] at 1.

## II.  LEGAL STANDARD

This Court has original jurisdiction over the prosecution of Imparato. Accordingly, under 18 U.S.C. § 3145(b), it wields the authority to review a detention order by a Magistrate Judge. This review is *de novo*. *See United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989); *see also* 18 U.S.C. § 3145(a).

Because Magistrate Judge Buchanan (and Magistrate Judge Nachmanoff) found probable cause that Imparato traveled for illicit sexual purposes in violation of 18 U.S.C. § 2423(b), "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance [of Imparato] as required and the safety of the community..." 18 U.S.C. § 3142(e)(3)(E). Imparato bears the burden of rebutting this presumption. *Id.* "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

In determining whether there are conditions of release that will reasonably ensure Imparato's appearance at trial and pretrial hearings and protect the safety of the community, a court must consider "the nature and circumstances of the offense charged," including whether the

offense is a "crime of violence"; whether the crime "involves a minor victim"; "the weight of the evidence against the person"; "the history and characteristics of the person," including "the person's physical and mental condition"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

### III. IMPARATO SHOULD BE DETAINED PENDING TRIAL

As noted above, this is a presumption case, and Imparato bears the burden of demonstrating that he is neither a danger to the community nor a risk of nonappearance.  Even if this were not a presumption case, however, detention would be appropriate because he is both.

#### A. Imparato Poses a Danger to the Community

Needless to say, interstate travel to engage in illicit sexual conduct is an extremely serious crime.  It involves a defendant exploiting and abusing another for his own sexual gratification.  And where, as here, the victim of the offense is a minor, that danger accrues to some of the most vulnerable individuals in our society.

It is thus no surprise that the Bail Reform Act designates crimes against children as a special category that is particularly deserving of protections in pretrial detention considerations.  As noted above, the Bail Reform Act instructs courts to presume that defendants accused of certain crimes against children, including § 2423(b), pose a danger to the community and a risk of flight.  *See* 18 U.S.C. § 3142(e)(3)(E).  It also designates such crimes as "crimes of violence." *Id.* § 3156(a)(4)(C).  Finally, it requires courts, when considering pretrial detention, to consider whether the offense in question is a "crime of violence."  *See id.* § 3142(g)(1).

In this case, not only is the crime categorically more serious than certain other crimes that carry a presumption under the Bail Reform Act, but Imparato's conduct is aggravated.  At the time of the crime, the child with whom Imparato engaged in oral and anal sex ("Minor Victim

4

1") was quite young: Imparato understood him to be 13 years old (he was in fact 12). And Imparato not only completed the charged offense of traveling in interstate commerce, he also actually performed sex acts on the child, and then, approximately one week later, traveled a second time to have sex with the child again. During the course of his chats with the child, he acknowledged the illegality of the sex act.

This case is thus not about a crime of opportunity or an isolated lapse in judgment. Instead, Imparato's conduct required planning and multiple steps. He had numerous opportunities to withdraw or cease what he was doing, but he did not do so. Indeed, he traveled a second time to attempt to have sex with the child again, despite knowing that it was wrong.

Additionally, the evidence shows that Imparato engaged in online exploitation of other minors, in addition to Minor Victim 1. For the victims identified in the affidavit in support of the complaint as KIK MINOR 2 and 3, and the other minors discussed during the detention hearing, the fact that – for those victims – this case involves online exploitation instead of in-person exploitation does not lessen its seriousness to any significant degree. The fact that a child is sexually exploited online hardly means that she is not traumatized or suffers no psychological damage. And when children are online, parents can exert little control over whom they interact with. Parents can lock their doors and windows to keep predators out, but they often can do little to keep predators away from their children on the internet. That is precisely what happened here.

**B. Imparato Poses a Risk of Nonappearance**

Imparato also poses a risk of nonappearance at trial and pretrial proceedings. As proffered to Magistrate Judge Buchanan by defense counsel, and set forth in greater detail in the pretrial report, Imparato has a significant mental health history that raises concerns of non-appearance.

Imparato is also facing a significant sentence, which gives him a corresponding incentive not to appear. During a voluntary interview during which he was represented by counsel, he confessed to distribution and receipt of child pornography, which each carry a mandatory minimum sentence of 5 years, as well as the charged offense of interstate travel with the intent to engage in illicit sexual conduct, and various state-level sexual offenses. *See* 18 U.S.C. § 2252(a)(2) & (b)(1). The indictment against him will likely include at least one charge that carries a statutory maximum term of imprisonment of thirty years. *See, e.g.,* 18 U.S.C. § 2423(b).

Imparato will also certainly be convicted at trial because the weight of the evidence against him is overwhelming. He confessed to law enforcement. And even if he had not done so, his own cell phone contained numerous sexual chats with purported minors, including chats with Minor Victim 1, as well as a significant amount of child pornography.

### C. Imparato Has Not Rebutted the Statutory Presumption and Cannot Offer Conditions Sufficient to Justify Pretrial Release

Imparato has not rebutted the statutory presumption, nor can he offer any conditions sufficient to rebut the presumption or overcome the United States' evidence that he is a danger to the community and a risk of nonappearance.

In paragraph three of his motion, the defendant argues that the charges stemmed directly from the defendant's admissions to law enforcement. *See* Letter Motion [Dkt. 17] at 1. In fact, the charges stem from the defendant's solicitation, travel, and sexual conduct with a child. The defendant initially admitted to possessing child pornography – not to having sex with a child, which was not discovered until a forensic analysis of his phone was conducted. While he did ultimately admit to this conduct, his admission was in connection with a state investigation. Now that the defendant faces federal charges and consequences, his risk of non-appearance should be

reassessed.

In paragraph four of his motion, the defendant argues that "in addition to cooperating fully, Mr. Imparato did not engage in any prohibited activity." *Id.* at 2. Presumably, defendant means after the seizure of his devices, since he clearly engaged in prohibited activity up to that point. However, during the detention hearing, no evidence was adduced as to the defendant's conduct post-device seizure. The evidence that was adduced was that the chat activity, and the defendant's attempts to contact MINOR VICTIM 1, occurred right up to the date of the seizure of the defendant's phone. There is simply no evidence post-dating that, either inculpatory or exculpatory.

Although not mentioned in his letter motion, the therapy proffered by defendant in his detention hearing as a backstop against further offenses or self-harm remains insufficient to prevent harm to the community or guarantee the defendant's reappearance in court, as the defendant was working with this therapist at the time he committed his offenses and developed his suicidal ideations.

## IV.  CONCLUSION

For these reasons, the United States respectfully asks the Court to deny defendant's motion to revoke the detention order.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney


By: __/s/_____
Whitney D. Russell
Assistant United States Attorney
William Clayman
Special Assistant United States Attorney (LT)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2019, I will file the foregoing document with the Clerk of Court using the CM/ECF system, which will send an electronic copy to all counsel of record.

By: /s/
Whitney Russell
Assistant United States Attorney